[Decided January 28, 1888.]

ANGUS MACKINTOSH v. WILLIAM RENTON, C. S. HOLMES, AND R. K. HAM, UNDER THE FIRM NAME OF RENTON, HOLMES & CO.

1. SOLDIERS' ADDITIONAL HOMESTEAD SCRIP—SALE OF PUBLIC LANDS— FALSE REPRESENTATIONS—RECOVERY OF PRICE.—Under the act of congress giving a soldier the right to make an additional homestead entry, and prohibiting the transfer of the right, money paid for the purchase of "Soldiers' Additional Homestead Scrip" cannot be recovered on the ground of failure of consideration, though the purchaser relied upon false representations made by the seller.

2. MISTAKE OF LAW—EQUITY.—Ignorance of law, with full knowledge of the facts, furnishes no ground at law or in equity to rescind agreements. When agreements are entered into in good faith, but under a mistake of law, they are generally held valid and obligations upon the parties in equity.

APPEAL from the District Court holding terms at Seattle. Third District.

The appellant, acting as agent for others, sold to the defendant a quantity of what is commonly known as Soldiers' Additional Homestead Scrip.    This scrip purported to be the evidence of the right granted by congress to every soldier or officer who served in the United States army for ninety days during the rebellion, who was honorably dis-

charged therefrom, and who had remained loyal to the United States ever since that time, and who had prior to June 8, 1872, entered under the homestead laws of the United States a quantity of land less than 160 acres, to enter as a homestead sufficient land to make 160 acres when added to that already entered. (See sec. 2306, Rev. Stats. U. S.) This evidence was accompanied by an affidavit of the soldier that he made the application for his own exclusive benefit, and not directly or indirectly for the benefit of any other person whatsoever, and also by an assignment of the claim by the soldier and by his power of attorney authorizing the person therein named to enter the additional homestead in the name of the soldier and receive the duplicate receipt and patent therefor, and in terms irrevocable authorizing the person therein named to enter the additional homestead in his name and to sell the same and execute deeds thereof. The appellee paid for the scrip and papers, which were all executed in blank, and which were purchased by the appellee as a means of acquiring timber land, and, to make it serviceable, inserted the names of their own employes in the blank powers of attorney, and then presented the same at the United States land office to enter the land. The entries were refused, and the scrip rejected, on account of the spurious character of the signatures of the officers before whom the affidavits of the soldier and his powers of attorney were acknowledged. The appellee then sued the appellant, in an action at law, to recover back the money so paid for the scrip. Among other defenses, the appellant pleaded that the purchase was made by the appellee for the purpose of fraudulently acquiring title to timber lands of the United States; that said Soldiers' Scrip was not assignable under the law, and that the contract was illegal and void. A jury having been waived, the cause was tried by the court, and the court found the contract to be illegal; but further found that the contract was entered into under an innocent mistake of law on both sides, and that therefore the appellee was entitled to recover. Judgment was accordingly entered, which, on appeal, was reversed by the Supreme Court. (See *Mackintosh*

*v. Renton*, 2 Wash. 121.) The appellee then amended his complaint, which was substantially the same as the former, except that it appealed to the equitable jurisdiction of the court for relief from a mistake of law. Other pleadings were practically the same as formerly, and by stipulation the same testimony was used. The court made the same findings, and entered decree against the appellant for the purchase price of the scrip paid him by the appellee, with interest, from which decree the appellant appealed.

*Messrs. Struve, Haines & McMicken*, for the Appellant.

The court erred in finding that "Renton, Holmes & Co. purchased and paid for the scrip under an innocent misrepresentation by Mackintosh of the law, and under an innocent mistake on their part of the law, which misrepresentation and mistake each affected the very substance of the contract, and effected an utter failure of consideration for the money payment." *Ignorantia juris non excusat.* (Broom's Legal Maxims, 6th Am. ed., p. 252.) Money paid with full knowledge of the facts, but under a mistake of law, cannot be recovered. (Kerr on Mistake and Fraud, p. 401; *Brisbane* v. *Dacres*, 5 Taunton, p. 143; *Elliot* v. *Swartwout*, 10 Peters, 137; *Doll* v. *Earle*, 59 N. Y. 638; *Elston* v. *Chicago*, 40 Ill. 514, 89 Am. Dec. 361; *Brumagim* v. *Tillinghast*, 18 Cal. 265, 79 Am. Dec. 176; *Ford* v. *Brownell*, 13 Minn. 184; *Natcher* v. *Natcher*, 47 Pa. St. 496; *Downs* v. *Donnelly*, 5 Ind. 496; *Lamborn* v. *Co. Com.* 7 Otto, 181; *Clark* v. *Dutcher*, 9 Cowen, 674; Pomeroy's Eq. Jur., sec. 851, and cases cited.) The maxim, *Ignorantia legis neminem excusat*, is equally as much respected in equity as in law. (Story's Eq. Jur., sec. 111, and notes.) Agreements entered into in good faith, but under a mistake of law, are generally held valid and obligatory upon the parties in equity. (Story's Eq. Jur., sec. 113.) Ignorance of the law, with full knowledge of the facts, furnishes no ground to rescind agreements or set aside solemn acts of the parties. (Story's Eq. Jur., sec. 137.) In America the general rule has been recognized as founded in sound wisdom and policy

and fit to be upheld with a steady confidence. The exceptions will be found not to rest on a mere mistake of law. (Story's Eq. Jur., sec. 137.) And the present disposition of courts of equity is to narrow rather than enlarge the operation of exceptions. (Story's Eq. Jur., secs. 138, 138 *b*, 138 *h*.) The doctrine is well settled that, in general, a mistake of law, pure and simple, is not adequate ground for equitable relief. (Pomeroy's Eq. Jur., secs. 842, 843, 2 New Jersey Ch. 498.) A mistake founded in ignorance of law is generally no ground for relief in equity. (*Bank of United States* v. *Daniel*, 12 Peters, 48; *Jacobs* v. *Morange*, 47 N. Y. 57; *Champlin* v. *Laytin*, 18 Wendell, 407, 31 Am. Dec. 382; *Wood* v. *Price*, 46 Ill. 439; *Hoover* v. *Reilly*, 2 Abbott U. S. 475.) The rule is inflexible that a mistake or misapprehension of the law is never relieved against in equity (*Gothea* v. *Sanasack et al.*, 53 Ill. 458), even where a party sought legal counsel before acting. (*Weed* v. *Weed*, 94 N. Y. 247.) A mistake by the buyer in supposing that the article bought by him will answer a certain purpose, for which it turns out to be unavailable, is not a mistake as to the subject matter of the contract. (Benjamin on Sales, 1st Am. ed., sec. 56; *Chanter* v. *Hopkins*, 4 Meeson & Welsby, 399; *Ollivant* v. *Bayley*, 5 Queen's Bench, 288; *Priden* v. *Bunnett*, 1 Common Bench, New Series, 613.) The additional homestead rights were granted by congress solely for the purpose of enabling honorably discharged soldiers and sailors, their widows and orphan children, to acquire homesteads on the public lands of the United States, and any sale or assignment of such rights was illegal and could not be consummated without violating the law. (Rev. Stats. U. S., secs. 2289, 2290; *Myers* v. *Croft*, 13 Wall. 291; Circular from Commissioner General Land Office, Copp's Public Land Laws, 179, 182, 184, 186, 198, 199; Copp's Land Owner, vol. 3, pp. 22, 52; id., vol 4, pp. 35, 37; id., vol. 5, p. 38; id., vol. 6, p. 106.) A contract to do an illegal act cannot be enforced, whether it be *malum prohibitum, malum in se,* or only contrary to public policy. *Ex turpi causa, non oritur actio.* (Broom's Legal Maxims,

pp. 704, 705, 706; *Bank of U. S.* v. *Owens*, 2 Peters, 527; *Arnot* v. *Pittston & Elmira Coal Co.*, 68 N. Y. 558, 23 Am. Rep. 190; *Morris Run Coal Co.* v. *Barclay Coal Co.*, 68 Penn. St. 173, 8 Am. Rep. 159; *Saratoga Bank* v. *King*, 44 N. Y. 87; *People* v. *Fisher*, 14 Wendell, 9, 28 Am. Dec. 501; Story on Sales, secs. 486, 496, 504; Chitty on Contracts, 10th Am. ed., 729, 730; Benjamin on Sales, secs. 507, 508, 509; *Swanger* v. *Mayberry*, 59 Cal. 91.) Where money has been paid upon an illegal contract, and the parties are equally at fault, it cannot be recovered back. *In pari delicto, potior est conditio defendentis et possidentis.* (Broom's Legal Maxims, 6th Am. ed., 692; 1 Story's Eq. Jur., 10th ed., sec. 61; *Worcester* v. *Eaton*, 11 Mass. 368; *Arter* v. *Byington*, 44 Ill. 468; *Cannan* v. *Bryce*, 3 Barnwell & Alderson, 179; *Boutelle* v. *Melendy*, 19 N. H. 196, 49 Am. Dec. 152; *Randall* v. *Howard*, 2 Black, 585; *Knowlton* v. *The Congress & Empire Spring Co.*, 57 N. Y. 518; *Tomkins* v. *Bernet*, 1 Salkeld, 22; Pomeroy's Eq. Jur., secs. 851, 404, 940; Greenhood on Public Policy, rule 87.)

*Messrs. McNaught, Ferry, McNaught & Mitchell*, for the Appellee.

The contract for the sale of Soldiers' Additional Homestead Scrip was not illegal. (*U. S.* v. *Martin*, 4 Otto, 400; Story on Contracts, 4th ed., sec. 614; 4th Copp's Land Owner, pp. 35–38; 1 Story's Eq. Jur., sec. 260, note 1.) To prevent recovery upon an illegal contract, the party must not only be *"particeps criminis,"* but *"in pari delicto."* (*Schermerhorn* v. *Talman et al.*, 14 N. Y. 93; *Tracy* v. *Talmage*, id. 162; 1 Pomeroy's Eq., secs. 402, 403.) The parties are not equally in fault in this case. (Benjamin on Sales, 464; Chitty on Contracts, 6th Eng. ed., 732.) This is not a case of mistake merely. Plaintiff in error made certain representations which were not true. He did not know at the time of making them whether they were true or not. Defendants in error relied upon them. This was a fraud in law by plaintiff in error. (*M'Ferran* v. *Taylor et al.*, 3 Cranch, 270; Pomeroy on Contracts, sec. 217, note 1; *Smelt-*

*zer* v. *White,* 2 Otto, 390.) If a man upon a treaty for any contract will make a false representation, by means of which he puts the party bargaining under a mistake upon the terms of the bargain, it is fraud. It misleads the party contracting upon the subject of the contract. (*Collins* v. *Collins,* 2 Brewster, 520; *Curtis* v. *Leavitt,* 15 N. Y. 9; 2 Pomeroy's Eq. Jur., secs. 929, 940, 941, 942.) Recovery can be had where there has been an innocent misrepresentation of fact of law, where there has been a complete difference in substance between what was supposed to be and what was taken, so as to constitute a failure of consideration. (Benjamin on Sales, secs. 415, 420, 421, 422, note *r,* and pp. 423 and 424; Story's Eq. Jur., sec. 141; *Converse* v. *Blumrich,* 14 Mich. 123, 90 Am. Dec. 230; *Smith* v. *Richards,* 13 Peters, 26.

Mr. Chief Justice JONES delivered the opinion of the court.

This cause was before this court on writ of error at the July term in 1882, and was at that time elaborately argued, and by order of the court was reversed and remanded, with directions to vacate all proceedings subsequent to the amended complaint, and dismiss the cause, unless the plaintiffs (respondents in this appeal) should so amend their complaint as to show themselves *prima facie* entitled to recover.

The facts are stated in the report of that trial, and are not here repeated. (*Mackintosh* v. *Renton,* 2 Wash. 121.)

The contract declared on is clearly illegal and void. As said in the opinion at the former hearing (ib. p. 129), it is said here, "the contract set up attempted to effect a sale which could not be made without contravening public policy." The scrip in question was such as gave to a soldier the right to make an additional homestead entry under the laws of the United States. It is not disputed, and cannot be, that the soldier himself, and he alone, can use it, and he cannot sell it or transfer it in any way to another, and thereby give to that other the right to make an entry of lands with it.

The papers making up each set in this case are fully described in the report of the former hearing (ib. 121, 122), and on mere inspection they would show the fraud intended, and carry that knowledge to every party having anything to do with them. Both these parties had knowledge at the time of this transaction that any sale, transfer, or assignment of the right of a soldier represented by this scrip was absolutely illegal. The law conclusively presumes this knowledge.

It can make no difference here as to what representations were made by appellant to appellees, as to the use of this scrip in entering public lands; before the appellees paid the purchase money they had the scrip in their possession, had it examined by their agents and knew exactly what it was, and, with that knowledge, paid for it.

It is equally immaterial whether the scrip was forged or genuine—in either case it was worthless in their hands.

There could be no mistake or misapprehension, and one party was as much to blame as the other. There is consequently nothing a court of equity can take cognizance of.

There is nothing here open to doubt, or even to doubtful construction—the parties were equally in fault. The appellant, it is claimed, made representations, and appellees relied upon them, and that each was mistaken as to the law; yet it appears the appellees knew as much about it as the appellant, and each knew all the facts relating to the matter. We are compelled to overrule the findings of the District Court, so far as they are not in conformity with these views.

Let the judgment below be reversed, and judgment entered in favor of appellant for costs.

TURNER, J., LANGFORD, J., and ALLYN, J., concurred.